Raymond N. Haynes
27475 Ynez Road #707
Temecula, Ca. 92591
916-709-9781
ray-haynes@hotmail.com
State Bar No. 93852

Attorney for Plaintiffs, California Outdoor Equities Partners and AMG Outdoor Advertising, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA OUTDOOR EQUITY PARTNERS, LLC AMG OUTDOOR ADVERTISING, INC, J. KEITH STEPHENS<br><br>        Plaintiffs<br><br>v.<br><br>CITY OF LOS ANGELES, a California Municipal Corporation<br><br>DOES 1 through 100, inclusive,<br><br>        Defendants | CASE NO.<br><br>**COMPLAINT FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION AND DECLARATORY RELIEF FOR VIOLATION OF PLAINTIFFS' RIGHTS OF FREE SPEECH AND EQUAL PROTECTION, AND FOR DAMAGES AND ATTORNEYS FEES FOR VIOLATION OF PLAINTIFFS' CIVIL RIGHTS, AND FOR VIOLATION OF LAWS PROHIBITING AGREEMENTS IN RESTRAINT OF TRADE** |

Plaintiffs, California Outdoor Equity Partners and AMG Outdoor Advertising, Inc. submit the following complaint and allege as follows:

---

**California Outdoor and AMG Complaint for Injunctive Relief and Damages**

Page 1

# ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1. Plaintiff California Outdoor Equity, LLC (CalEquity) is a limited liability company licensed to do business in the State of California, and doing business within the jurisdiction of this court, and AMG Outdoor Advertising, Inc.(AMG) is a California corporations licensed to do business in the state of California, and doing business within the jurisdiction of this court.

2. Plaintiff, J. Keith Stephens is an individual residing in the City of Los Angeles, County of Los Angeles, California

3. Defendant, City of Los Angeles is allegedly a California chartered city authorized by the California Government Code located in the County of Los Angeles in this judicial district.

4. Plaintiffs are unaware of the true names and capacities of Defendants Does 1-100, and are therefore named as Does in this cross complaint. Plaintiffs are informed and believe, and on that basis allege, that Defendants, Does 1-100, are officers, employees, agents or representatives of the City of Corona, or are, in some fashion responsible for the actions alleged in this cross complaint.

5. The jurisdiction of this Court is invoked on the basis of the existence of a federal question and deprivation of civil rights pursuant to 28 U.S.C. §§ 1331 and 1343 (a)(3). This action arises under the Constitution of the United States, the Federal Civil Rights Act, 42 U.S.C. § 1983, et. seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Venue in this district is proper under 28 U.S.C. § 139l(b) in that the claims asserted in this Complaint arose in the Central District of California.

# INTRODUCTION

### A. Plaintiffs' Outdoor Advertising Business

6. Plaintiffs were and are duly licensed by the State of California to engage in the business of leasing outdoor advertising space to the public. Plaintiffs' signs are located throughout Southern California in commercial and industrial zones, typically on property leased by Plaintiffs for such purpose.

7. Plaintiffs' outdoor advertising signs (also known as "off-premises signs" or "billboards") are made available to national and local advertisers on an "all comers" basis in a fashion similar to newspaper and broadcast advertising. They are classified as "off-premises" signs because typically they do not advertise goods or services available on the premises where the signs are located. Instead, these signs are available for public use for a variety of commercial and non-commercial messages, which include political, religious, charitable and public service messages. The content of these signs changes periodically, and they are therefore a forum for the expression of ideas. This is in contrast to "on-premises" signs, which advertise goods, services or business available on the premises where such signs are located. On-premise signs are used almost exclusively for permanent commercial messages and are not available for use by the public. They are therefore not a forum for the expression of ideas.

8. The California Legislature expressly recognizes outdoor advertising as a legitimate commercial use of property adjacent to roads and highways, an intricate part of the business and marketing function and an established segment of the national economy that should be allowed to exist in business areas subject to reasonable controls in the public interest.

9.  Article I, Section 2(a) of the California State Constitution, the "Liberty of Speech" clause provides:

> Every person may freely speak, write and publish his or her sentiments on all subjects, being responsible for the abuse of this right. A law may not restrain or abridge liberty of speech or press.

Article I, Section 2 is independent of the First Amendment of the United States Constitution and is more protective of free speech than the federal Constitution. A California municipality may not restrict free speech on the basis of its content (the "all subjects" clause) or discriminate for or against certain speakers (the "every person" clause).

### B. City's Regulation of Billboards

10.  Los Angeles has implemented a billboard regulation within its city limits the expressly discriminates on the basis of both content and speaker identity. Section 14.4.4B.11 of the Los Angeles Municipal Code specifically prohibits the construction, operation, and maintenance of billboards within the city limits of the Los Angeles, and imposes a ban on the issuance of permits for billboards that carry "offsite" commercial content ("the ban"). The ban does not apply to onsite commercial or noncommercial speech.

11.  The city has applied the ban only to certain speakers, while at the same time allowing other speakers to construct billboards in violation of the ban. In 2006, pursuant to an agreement with CBS Outdoor ("CBS") and Clear Channel Outdoor ("CCO"), Los Angeles permitted CBS and CCO to convert up to 1,680 billboards, 101 of which were actually converted to digital displays, without regard to local zoning ordinances located in the sole discretion of CBS and CCO. Los Angeles continues to allow these signs, as well as other signs in violation of its ordinances, even though the agreement by which the CBS and CCO signs were approved has been declared void. This type of content and speaker

discrimination violates both the First and Fourteenth Amendment of the United States Constitution as well as Article 1 Section 2 (a) of the California Constitution.

12. The City purportedly adopted the Ban to further its interests in safety and aesthetics. The Ban is subject to exceptions, however, that bear no relation to the City's claimed interests, work at cross-purposes to the Ban, and seriously undermine the City's asserted justification for it. These exceptions include the CBS and CCO billboards, hundreds of street banners hung at various times from City-owned street lights; and hundreds of onsite signs located throughout the city; and noncommercial signs. As a result of these exceptions, the Ban fails intermediate scrutiny under the First Amendment to the Constitution of the United States and Article I, Section 2(a).

### C. Sites Leased by Plaintiff for Placement of Billboards

13. Plaintiffs have sought and seek to build billboards within the City limits of Los Angeles, just as CBS and CCO have built their signs, and have sought approval of their billboard from Los Angeles. To further its actions to build those signs, AMG appeared at the Los Angeles City Hall, at its building department, with an application for a building permit, to obtain such a permit for a billboard to be constructed at 1312-1314 E. 16th Street, Los Angeles, Ca. Employees of the City of Los Angeles specifically refused to accept the application, claiming the ban prohibited them from accepting the permit. The construction application for the billboard complied fully with the structural, electrical, spacing, and other lawful requirements of the City of Los Angeles, yet Los Angeles refused to accept or process the application. Los Angeles had no discretion to refuse to accept the application for the permit, or to deny a permit that complies with all its lawful requirements, and thus was required to grant AMG's permit applications.

# FIRST CAUSE OF ACTION

(For Declaratory Relief and Injunctive Relief Because the Ban Violates the Free Speech Rights of Plaintiffs)

14. Plaintiffs incorporate the allegations in paragraphs 1 through 13 into this cause of action by this reference.

15. The Liberty of Speech Clause of the California Constitution, Article I, Section 2(a), provides: "Every person may freely speak, write and publish his or her sentiments on all subjects, being responsible for the abuse of this right a law may not restrain or abridge liberty of speech or press." By its express terms, Article I, Section 2(a) prohibits Corona from restricting speech on the basis of its content (or "all subjects") or the identity of the speaker ("[e]very person").

16. The ban as codified in Los Angeles Municipal Code Section 14.4.4B.11 is unconstitutional on its face and as applied to AMG in that it violates the First Amendment of the United States Constitution and Article I, Section 2(a) of the California Constitution by:

(a) Prohibiting the issuance of permits for offsite commercial signs but does not prohibit the issuance of permits for signs that bear different content, including onsite commercial and noncommercial content;

(b) Preferring certain speakers over AMG and California Equity, including CBS and CCO, the operators of onsite signs and the operators of noncommercial signs, and street banners: and

(c) Is subject to exceptions that, taken as a whole, (i) bear no logical relationship to the interests in safety and aesthetics the ban purports to advance; and (ii) counteract the ban to the extent that it is reasonable to assume that the Ban does not directly advance a

substantial government interest and allow the City unfettered discretion to grant permits in its "sole and absolute discretion" without restriction or any objective standard to prevent discrimination against potential speakers or speech.

17. Unless this Court issues a temporary restraining order, preliminary and permanent injunction prohibiting the City and those acting in concert with it from enforcing the ban, AMG will suffer irreparable harm, including the loss of its constitutional rights of due process and free speech. Specifically, the heavy penalties the City imposes for violation of the Ban effectively prevent AMG from engaging in constitutionally protected speech; interfere with AMG's constitutional right of contract; and prevent AMG from receiving the financial benefits of operating the its offsite commercial sign for which it seeks a permit.

18. An actual controversy within this Court's jurisdiction exists between AMG and the City. AMG and CalEquity contend that they have a constitutional right to erect, operate and profit from the offsite signs for which it seeks permits from the City. The City denies the contentions of AMG and CalEquity and has threatened to enforce its ordinance against anyone who does not comply with its unconstitutional permitting requirements, prevent construction of the building of a billboard, and preventing advertising on any billboard built in violation of the unconstitutional ordinance, or on other billboards that may be built or maintained which display offsite commercial content.

19. A judicial declaration of Plaintiffs' rights with respect the legality of the ban is necessary and appropriate at this time so that the parties may promptly ascertain their respective rights and obligations.

20. Plaintiffs are entitled to a judicial declaration that the ban violates Article I, Section 2(a), both on its face and as applied to Plaintiffs as alleged herein. Plaintiffs are further entitled to a declaration that the City may not enforce the ban Plaintiffs or threaten to enforce it against any of the property owners from whom Plaintiffs lease sites for their intended billboards.

## SECOND CAUSE OF ACTION

(For Declaratory and Injunctive Relief and Damages Under the First Amendment and California Constitution Article I, Sec. 7(a) for Violation of Plaintiff's Equal Rights)

21.  Plaintiffs incorporate the allegations in paragraphs 1 through 13 into this cause of action by this reference.

22.  Article I, Section 7(a) of the California Constitution provides in relevant part: "A person may not be ...denied equal protection of the laws. . . ."  The State Constitution is an independent source of equal protection rights.  Article I, Section 7(a) of the California Constitution is at least as protective as the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

23.  The right of free speech as guaranteed by the First Amendment and Article I, Section 2(a) of the California Constitution is a fundamental right.  Los Angeles, through the CBS and CCO settlement agreements has selectively granted CBS and CCO the right to operate offsite commercial billboards, while denying that right to Plaintiffs.  In the case of the CBS and CCO signs, Los Angeles permits its favored entities to operate offsite commercial signs without regard to zoning restrictions and despite Court of Appeal's decisions that such agreements for signs and permits for the signs are invalid.  The City has also permitted other entities to operate offsite commercial, commercial and noncommercial signs, while denying Plaintiffs' permit applications and requests for relocation agreements as alleged in this complaint.   By its intentional and deliberate acts, policies and omissions the City treats Plaintiffs less favorably than these speakers and other favored entities as alleged.

24. The disparate treatment of Plaintiffs by Los Angeles compared to CBS and the other favored entities of Los Angeles with respect to the right of free speech as alleged herein violates the Equal Protection Clause of the California Constitution, Article 1, Section 7(a) and the First Amendment of the Federal Constitution.

25. The intentional disparate treatment by Los Angeles of Plaintiffs is irrational and arbitrary. It does not serve any substantial or even legitimate governmental interest.

26. Plaintiffs are entitled to a judicial declaration that in refusing to accept and denying Plaintiffs' permit applications, Los Angeles has violated Plaintiffs' rights of Equal Protection. Plaintiffs are further entitled to a declaration that Los Angeles may not enforce the ban against Plaintiffs or threaten to enforce it against any of the property owners from whom Plaintiffs lease sites for their intended signs.

27. Plaintiffs entitled to a preliminary and permanent injunction prohibiting the City from refusing to accept Plaintiffs' application or issue Plaintiffs their permits, or refusing to enter into relocation agreements with Plaintiffs, and from attempting to enforce the ban against Plaintiffs. Unless the Court issues such injunctive relief AMG and CalEquity will suffer irreparable injury as alleged in this cross complaint.

28. As a result of the actions of Corona, and its officers and employees, Plaintiffs have been damaged in an amount to be proven at trial, but in any event not less than $2,000,000.00 for lost revenue from the construction and operation of the billboards within the City limits. Plaintiffs are entitled to those damages for violation of its Constitutional rights pursuant to 42 USC §§1982 et.seq., and their attorneys' fees pursuant to 42 USC §1988.

For this reason, Plaintiffs request a judgment for:

1. A preliminary and permanent injunction and temporary restraining order commanding Los Angeles to refrain from taking any action to impose or enforce any penalties against Plaintiffs, civil or criminal, including but not limited to monetary penalties, nuisance abatement or other proceedings to compel removal of Plaintiffs'

billboards, based on Plaintiffs placement of the billboard or its failure to obtain a building permit, before issuance of a final, non-appealable, non-reviewable judgment in this action;

2. A declaratory judgment that the Ban violates the First Amendment of the Federal Constitution and Article I, Section 2(a) of the California Constitution and is void on its face and as applied to Plaintiffs;

3. A declaratory judgment that the ban violates the First Amendment of the Federal Constitution and the Equal Protection Clause of Article 1, Section 7(a) of the California Constitution and is void on its face and as applied to Plaintiffs;

4. Damages in an amount to be determined at trial;

5. Their costs of suit and attorney's fees incurred herein as permitted by law; and

6. For such other and further relief as this Court deems just and proper.

Dated: June 10, 2015

                        Respectfully submitted

                        By:  /s/Raymond N. Haynes
                            Raymond N. Haynes
                            Attorney for Plaintiffs

# Verification

I, Alex M. Garcia, am the chief executive officer of AMG Outdoor Advertising, Inc., a defendant in this action. The matters stated in this complaint are true of my own knowledge, except those matters stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct. Executed on June 10, 2015 in Corona, Ca.

                                                    /s/Alex M. Garcia
                                                     Alex M. Garcia