UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-04374-CAS-MRW | Date | November 16, 2015 |
|---|---|---|---|
| Title | CALIFORNIA OUTDOOR EQUITY PARTNERS, LLC ET AL. v. CITY OF LOS ANGELES | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CONNIE LEE | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Raymond Haynes, Jr. | Jennifer Tobkin | |

**Proceedings:** DEFENDANT'S MOTION TO DISMISS COMPLAINT (Dkt. 14, filed August 31, 2015)

## I. INTRODUCTION

On June 10, 2015, plaintiffs California Outdoor Equity Partners, LLC, AMG Outdoor Advertising, and J. Keith Stephens (collectively, "plaintiffs") filed suit against defendant City of Los Angeles ("the City") alleging that the City's restrictions on off-site commercial billboards (1) violate plaintiffs' free speech rights under Article I, Section 2(a) of the California Constitution and the First Amendment of the United States Constitution, and (2) violate plaintiffs' equal protection rights under Article I, Section 7(a) of California Constitution and the Fourteenth Amendment of the United States Constitution. See Compl.

On August 31, 2015, defendant City of Los Angeles filed a motion to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 14. Plaintiffs filed an opposition to defendant's motion on September 30, 2015, and defendant replied on October 5, 2015. Dkts. 16, 19. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiffs allege that they are licensed by the State of California to lease to the public "off-premises" or "offsite" outdoor advertising signs—that is, signs which advertise goods or services not available at the site where they are advertised. See Compl. ¶¶ 6, 7. Plaintiffs further allege that Section 14.4.4.B.11 of the Los Angeles

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-04374-CAS-MRW | Date | November 16, 2015 |
| Title | CALIFORNIA OUTDOOR EQUITY PARTNERS, LLC ET AL. v. CITY OF LOS ANGELES | | |

Municipal Code ("LAMC"), which imposes a ban on permits for offsite commercial billboards (the "ban" or the "ordinance"), violates their free speech rights and has been applied selectively by the City to certain speakers on an "expressly" discriminatory basis. Id. ¶¶ 10, 11. More specifically, plaintiffs allege that LAMC section 14.4.4.B.11 is "unconstitutional on its face and as applied" to plaintiffs in that it violates both the First Amendment and Section 2(a) of the California Constitution because the law:

1. Prohibits "the issuance of permits for *offsite commercial signs*[,] but does not prohibit the issuance of permits for signs that bear different content, including onsite commercial and noncommercial content," Compl. ¶ 16(a) (emphasis added);

2. Prefers "*certain speakers* over [plaintiffs], including CBS [Outdoor] [("CBS")] and [Clear Channel Outdoor ("CCO")], the operators of onsite signs and the operators of noncommercial signs, and street banners," id. ¶ 16(b) (emphasis added); and

3. Is "subject to *exceptions* that, taken as a whole, (i) bear no logical relationship to the interests in safety and aesthetics the ban purports to advance; and (ii) counteract the ban to the extent that it is reasonable to assume that the Ban does not directly advance a substantial government interest and allow the City unfettered discretion to grant permits in its 'sole and absolute discretion' without restriction or any objective standard to prevent discrimination against potential speakers or speech." Id. ¶ 16(c) (emphasis added).

Collectively, therefore, plaintiffs are challenging the law's (1) distinction between *offsite and onsite* content; (2) its distinctions between "*certain speakers*" (e.g., those who have "grandfathered" rights and those who do not) and its distinctions between *certain types of signs* (e.g., street banners); as well as (3) its allowance for *many exceptions* to the law's ban.

Plaintiffs also assert that in 2006, pursuant to an agreement with the City, CBS and CCO were permitted to convert up to 1,680 billboards to digital displays without regard to local zoning ordinances. Id. ¶ 11. According to plaintiffs, the City continues to allow

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-04374-CAS-MRW | Date | November 16, 2015 |
|---|---|---|---|
| Title | CALIFORNIA OUTDOOR EQUITY PARTNERS, LLC ET AL. v. CITY OF LOS ANGELES | | |

these signs even though the agreement by which the CBS and CCO signs were approved has been declared null and void. In contrast, plaintiff AMG asserts that it sought to file an application for a permit to construct a billboard at 1312-1314 East 16th Street in Los Angeles but was turned away on account of the City ordinance. Id. ¶ 13. Accordingly, plaintiffs allege that the City "has selectively granted CBS and CCO the right to operate offsite commercial billboards, while denying that right to Plaintiffs." Compl. ¶ 23. In addition, plaintiffs allege that the City "has also permitted other entities to operate offsite . . . commercial and noncommerical signs, while denying Plaintiffs' permit applications and requests for relocation agreements . . . ." Id. According to plaintiffs, this "intentional disparate treatment . . . is irrational and arbitrary," and further "does not serve any substantial or even legitimate governmental interest." Id. ¶ 25.

Based upon these allegations, plaintiffs assert that the ordinance violates their free speech rights under the First Amendment to the United States Constitution and California Constitution. Plaintiffs also assert that the City's preferential treatment of others with respect to the granting of permits violates plaintiffs' right to equal protection of the laws under the United States Constitution and the California Constitution. In light of their allegations, plaintiffs seek declaratory and injunctive relief.

### III. LEGAL STANDARD

#### A. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. (internal citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-04374-CAS-MRW | Date | November 16, 2015 |
|---|---|---|---|
| Title | CALIFORNIA OUTDOOR EQUITY PARTNERS, LLC ET AL. v. CITY OF LOS ANGELES | | |

 In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

 Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

 As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:15-cv-04374-CAS-MRW | Date | November 16, 2015 |
| Title | CALIFORNIA OUTDOOR EQUITY PARTNERS, LLC ET AL. v. CITY OF LOS ANGELES | | |

## IV.  DISCUSSION

In their motion to dismiss, defendant City of Los Angeles first argues that plaintiffs' free speech claim fails as a matter of law because plaintiffs' complaint "merely recycle[s] the same challenges that the Ninth Circuit has already considered and rejected" in three recent decisions.  See Motion at 10 (citing Metro Lights v. City of Los Angeles, 551 F.3d 898 (9th Cir. 2009); World Wide Rush v. City of Los Angeles, 606 F.3d 676, 690 (9th Cir. 2010); Vanguard Outdoor, LLC v. City of Los Angeles, 648 F.3d 737 (9th Cir. 2011)).  Defendant then argues that plaintiffs' second claim for violation of equal protection also fails for the following independent reasons: (1) that plaintiffs do not plead that they were treated differently from similarly situated persons, (2) that any putative difference in treatment was intentional, or (3) that there was no rational basis for the putative difference in treatment.  Motion at 1.  For reasons explained below, the Court agrees with the City, and finds that plaintiffs' complaint must be dismissed without prejudice.

### A.    Free Speech Claims

Plaintiffs first allege that LAMC section 14.4.4.B.11 is "unconstitutional on its face and as applied" to plaintiffs in that it violates both the First Amendment and Article I, Section 2(a) of the California Constitution.  Collectively, therefore, plaintiffs are challenging the ordinance's (1) distinction between *offsite and onsite* content; (2) its distinctions between "*certain speakers*" (e.g., those who have "grandfathered" rights and those who do not) and its distinctions between *certain types of signs* (e.g., street banners); as well as (3) its allowance for *many exceptions* to the ordinance's ban.  See Compl. ¶ 16.

Much like the "billboard company [in Vanguard who was] attempting to salvage litigation to maintain three signs in the City, even after the Ninth Circuit ha[d] twice in . . . two years rebuffed First Amendment challenges to the City's attempts to control sign proliferation throughout the City of Los Angeles," plaintiffs in the instant action "ha[ve], in fact, repeated many of the allegations rejected by the Ninth Circuit."  Vanguard, 648 F.3d at 738,739.  As the Ninth Circuit explained in Vanguard, "[i]n the real world," the court's decisions in Metro Lights and World Wide Rush "should have resolved litigation in most, if not all, of the billboard cases.  In the world of billboard litigation, however,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:15-cv-04374-CAS-MRW | Date | November 16, 2015 |
| Title | CALIFORNIA OUTDOOR EQUITY PARTNERS, LLC ET AL. v. CITY OF LOS ANGELES | | |

[these decisions] w[ere] apparently an invitation simply to be more creative." Id. at 738. In many respects, plaintiffs' asserted claims in the instant action, as currently pled, fail even to be any "more creative" than those claims previously asserted by others and then expressly rejected by the Ninth Circuit in Metro Lights, World Wide Rush, and Vanguard.

     Plaintiffs argue, however, (1) that the City "apparently believes that the Ninth Circuit has granted it permission to ignore the First Amendment in perpetuity," and (2) that because the aforementioned cases were "based on evidence before a different court under different circumstances [they therefore] do not justify Defendant's abuse of the First Amendment for indefinite periods into the future." Opp'n at 9. For reasons explained below, the Court agrees with the City in finding that binding Supreme Court and Ninth Circuit precedent requires dismissal of plaintiffs' claims as they are currently pled. Given the centrality of the aforementioned cases to the instant motion, the Court begins with a brief summary of Metro Lights, World Wide Rush, and Vanguard.

### i.     Metro Lights v. City of Los Angeles

     In Metro Lights v. City of Los Angeles, outdoor advertising company Metro Lights alleged that the very same Los Angeles city ordinance at issue in the instant action violated the First Amendment by prohibiting most offsite commercial advertising while allowing the City to contract privately with CBS and thereby allow offsite advertising at city-owned transit stops. 551 F.3d at 900; See LAMC § 91.6205.11 ("Signs are prohibited if they . . . .[a]re offsite signs, except when off-site signs are specifically permitted pursuant to a variance, legally adopted specific plan, supplemental use district or in an approved development agreement.")[1]. The City of Los Angeles asserted that the sign ordinance was adopted for both traffic and aesthetic purposes. Metro Lights, 551 F.3d at 901.

     In assessing the constitutionality of the City's restriction on commercial speech, the court in Metro Lights applied the four-part Hudson test:

---

[1] LAMC § 91.6205.11 is now codified as LAMC § 14.4.4.B.11, the Los Angeles city ordinance plaintiffs challenge in the instant complaint. See Compl.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-04374-CAS-MRW | Date | November 16, 2015 |
| Title | CALIFORNIA OUTDOOR EQUITY PARTNERS, LLC ET AL. v. CITY OF LOS ANGELES | | |

> (1) if "the communication is neither misleading nor related to unlawful activity," then it merits First Amendment scrutiny as a threshold matter; in order for the restriction to withstand such scrutiny, (2) "[t]he State must assert a substantial interest to be achieved by restrictions on commercial speech;" (3) "the restriction must directly advance the state interest involved;" and (4) it must not be "more extensive than is necessary to serve that interest."

Metro Lights, 551 F.3d at 903 (citing Cent. Hudson Gas & Electric Corp. v. Pub. Serv. Comm'n, 447 U.S. 557, 564-66 (1980)). The court focused its analysis on the third and fourth prongs of the Hudson test, as (1) neither party asserted that the offsite advertising was misleading or unrelated to unlawful activity such that it did not merit First Amendment protection, and (2) it is "well-established that traffic safety and aesthetics constitute substantial governmental interests." Id. at 904.

In analyzing the third prong—*i.e.*, whether the government's regulation directly advanced its interests—the Ninth Circuit examined "whether the City's ban advances its interest in its general application, not specifically with respect to Metro Lights." Id. The court also considered whether the City's exceptions rendered the ordinance unconstitutionally underinclusive by "'undermin[ing] and counteract[ing]'" the governmental interest that the ordinance purported to further. Id. at 905 (quoting Rubin v. Coors Brewing Co., 514 U.S. 476, 489 (1995)).[2]

---

[2] Generally, "regulations are unconstitutionally underinclusive when they contain exceptions that bar one source of a given harm while specifically exempting another in at least two situations. First, if the exception 'ensures that the [regulation] will fail to achieve [its] end,' it does not 'materially advance its aim.'" Metro Lights, 551 F.3d at 906 (quoting Rubin, 514 U.S. at 489). See, e.g., Greater New Orleans Broad. Ass'n, Inc. v. United States, 527 U.S. 173, 190 (1999) ("The operation of [the regulation] . . . is so pierced by exemptions and inconsistencies that the Government cannot hope to exonerate it."). "Second, exceptions that make distinctions among different kinds of speech must relate to the interest the government seeks to advance." Metro Lights, 551 F.3d at 906; see, e.g., City of Cincinnati v. Discovery Network, Inc., 507 U.S. 410, 418-19 (1993)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                          'O'

| Case No. | 2:15-cv-04374-CAS-MRW | Date | November 16, 2015 |
|---|---|---|---|
| Title | CALIFORNIA OUTDOOR EQUITY PARTNERS, LLC ET AL. v. CITY OF LOS ANGELES | | |

Ultimately, the court in Metro Lights held that the City's exception for thousands of Los Angeles offsite commercial signs did not "'denigrate[] its interest in traffic safety and beauty'" such that it was unconstitutionally underinclusive. Id. at 902, 907 (quoting Metromedia, Inc. v. City of San Diego, 453 U.S. 490, 510-11 (1981)). In doing so, the court found (1) that a ban on certain offsite signs still advances traffic safety and aesthetic interests more than a ban on none, (2) that the City may disfavor the "uncontrolled and incoherent proliferation" of offsite advertising, and (3) that courts should decline to overrule classic legislative decisions such as where a city values one form of commercial speech over another. Id. at 907, 910-11. The court also held that the sign ordinance was not unconstitutionally overinclusive. Id. at 912 ("[Because] a complete prohibition would be sufficiently narrowly tailored, then a partial one must also be."). In addition, the Court found that the ordinance was not a content-based sign regulation and did not provide a content-based exception for CBS. Id. at 912 ("CBS doesn't say anything; it only sells space to advertisers who say things. And Metro Lights has shown no evidence that the City or CBS discriminate among advertisers . . . . [or the City's] bidding process . . . ."). Thus, the court found that the City's private contract with CBS did not render the Los Angeles city sign ordinance unconstitutional under the First Amendment. Id. at 914.

### ii. World Wide Rush v. City of Los Angeles

In World Wide Rush v. City of Los Angeles, the Ninth Circuit rejected the argument that allowing freeway-facing signs on a Los Angeles stadium and in certain special use districts ("SUDs") rendered the sign ordinance unconstitutionally underinclusive under the Hudson test. 606 F.3d at 690. The court found that the exceptions were made for the express purpose of advancing the City's interest in aesthetics and safety and that the exceptions furthered that interest by removing blight, improving traffic flow and safety, and reducing the net number of billboards in the City. Id. at 685. The court also held that the Freeway Facing Sign Ban and its exceptions were content-neutral. Id. at 686. Lastly, the court found that the supergraphic and off-site advertising bans were not unconstitutional prior restraints on speech because the prior restraint doctrine is limited to the "rare circumstance in which the legislative body created

---

(noting the "minimal impact" the regulation would achieve as a result of the exception).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-04374-CAS-MRW | Date | November 16, 2015 |
| Title | CALIFORNIA OUTDOOR EQUITY PARTNERS, LLC ET AL. v. CITY OF LOS ANGELES | | |

a licensing power and reserved it for itself." Id. at 688. Because the City Council's power to enact special plans, create SUDS, and enter into development agreements arises from its legislative authority to regulate land use rather than from the bans, the bans simply affirm the City's legislative powers. Id. Accordingly, the court found the First Amendment's prior restraint doctrine not to be implicated by the City's legislative judgments in such instances. Id.

### iii. Vanguard Outdoor, LLC v. City of Los Angeles

In Vanguard Outdoor, LLC v. City of Los Angeles, the Ninth Circuit rejected a billboard company's additional challenge to the City's ban on supergraphic and offsite signs. 648 F.3d at 748. The court first observed that "[s]everal points can be gleaned from the decisions in World Wide Rush and Metro Lights":

> First, the City's sign ban can withstand a Central Hudson attack so long as it is not "so pierced by exceptions and inconsistencies," as to directly undermine the City's interests in traffic safety and aesthetics. World Wide Rush, 606 F.3d at 686. And those exceptions cannot be viewed in isolation or parsed too finely; the exceptions must be looked at holistically in the context of the entire regulatory scheme. Id. at 685-86.
>
> Second, a Central Hudson challenge is not focused on the particular plaintiff; instead, the Court must look at the "whether the City's ban [advances] its interests in its general application, not specifically with respect to" a particular speaker. Metro Lights, 551 F.3d at 904.
>
> Third, the court must defer to the reasonable legislative judgement of the City on how best to advance its own interests in aesthetics and traffic safety. Id. at 910. To combat the proliferation of supergraphics that have blanketed the City, the City may take a graduated response, even going so far as granting exceptions for thousands of signs over which it can exercise control. Id. at 910. That response unquestionably

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-04374-CAS-MRW | Date | November 16, 2015 |
|---|---|---|---|
| Title | CALIFORNIA OUTDOOR EQUITY PARTNERS, LLC ET AL. v. CITY OF LOS ANGELES | | |

includes exercising its classically legislative function of creating exceptions to the sign bans for SUDs and development agreements, so long as those judgments are reasonable in light of the City's interests. World Wide Rush, 606 F.3d at 687-88.

Vanguard, 648 F.3d at 743. Even though the plaintiff in Vanguard "recognize[d] that the foundation of its claims in its original complaint ha[d] been fatally undermined by the Ninth Circuit's World Wide Rush decision," the plaintiff in Vanguard nonetheless moved to amend its complaint to allege the following claims, which "it believe[d] were not resolved by the World Wide Rush decision":

> (1) declaratory relief under the First and Fourteenth Amendment because section 14.4.4.B.9, 14.4.4.B.11, and 14.4.6 of the City's sign ordinance and the entire California Outdoor Advertising Act are facially unconstitutional and unconstitutional as applied to Plaintiff; [and] (2) declaratory relief pursuant to California Constitution, Article I, section [2], because the sign ordinance and the California Outdoor Advertising Act violate the California Constitution's free speech clause.

Id. at 738-39. "Beyond simply breathing life back into [its] case by filing an amended complaint," the plaintiff in Vanguard also sought preliminary injunctive relief on the following three grounds, all of which were subsequently rejected by the court:

> (1) that the City applies the supergraphic and offsite sign bans to improperly prohibit Plaintiff's signs, while allowing other signs, and that the City impermissibly distinguishes between offsite and onsite signs, all in violation of Plaintiff's Fourteenth Amendment equal protection rights;
>
> (2) that, whatever the reach of the Federal Constitution, the California Constitution's free speech clause does not tolerate a distinction between non-commercial and commercial speech that would allow the City to prohibit Plaintiff's signs;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-04374-CAS-MRW | Date | November 16, 2015 |
| Title | CALIFORNIA OUTDOOR EQUITY PARTNERS, LLC ET AL. v. CITY OF LOS ANGELES | | |

and (3) that the City's "aesthetics" rationale is a pretext for content-based regulation of offsite and supergraphic signs.

Id. at 739. Ultimately, upon review of the plaintiff's arguments, the court in Vanguard concluded that "[p]laintiff ha[d] not raised even serious questions on the merits" of any of its claims, and denied the motion for a preliminary injunction. Id. at 737, 748.

### iv. Plaintiffs' Complaint

Plaintiffs' allegations in the instant complaint appear largely, if not wholly, to mirror those expressly rejected in Metro Lights, World Wide Rush, Vanguard, and the cases upon which those decisions rely. First, as to the ordinance's onsite/offsite distinction, Compl. ¶ 16(a), the "distinction between offsite and onsite signs has been repeatedly upheld as content-neutral and valid." Vanguard, 648 F.3d at 745 (citing Metromedia, 453 U.S. at 511; Clear Channel Outdoor, Inc. v. City of Los Angeles, 340 F.3d 810, 813 (9th Cir. 2003) ("The Supreme Court, the Ninth Circuit, and many other courts have held that the on-site/off-site distinction is not an impermissible content-based regulation.")). As to plaintiffs' allegation that the ordinance prefers "certain speakers over [plaintiffs], including CBS and CCO, the operators of onsite signs and the operators of noncommercial signs, and street banners," Compl. ¶ 16(b), these allegations similarly fail to support a claim for violation of plaintiffs' free speech rights under the United States and California constitutions. See Vanguard, 648 F.3d at 743 ("[A] Central Hudson challenge is not focused on the particular plaintiff; instead, the Court must look at the 'whether the City's ban [advances] its interests in its general application, not specifically with respect to' a particular speaker.") (quoting Metro Lights, 551 F.3d at 904)); id. ("[T]he City may . . . go[] so far as granting exceptions for thousands of signs over which it can exercise control . . . includ[ing by] exercising its classically legislative function of creating exceptions to the sign bans . . . so long as those judgments are reasonable in light of the City's interests.") (citing World Wide Rush, 606 F.3d at 687-88)); id. at 745 ("The City is certainly entitled to treat signs permitted before the offsite and supergraphic sign bans differently than other signs . . . because preserving legally nonconforming billboards still 'furthers the City's significant interest in reducing blight and increasing traffic safety. . . .'") (quoting Maldonado v. Morales, 556 F.3d 1037, 1048 (9th Cir. 2009)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-04374-CAS-MRW | Date | November 16, 2015 |
|---|---|---|---|
| Title | CALIFORNIA OUTDOOR EQUITY PARTNERS, LLC ET AL. v. CITY OF LOS ANGELES | | |

Similarly, plaintiffs' allegations regarding the City's "unfettered discretion" in granting these exceptions also fail. World Wide Rush, 606 F.3d at 687 (expressly rejecting the notion that "the Supergraphic and Off-Site Sign Bans were unconstitutional prior restraints on speech because their exceptions impermissibly vest the City Council with *unbridled discretion* to select among speakers on the basis of content") (emphasis added); see Compl. ¶ 16(c) (alleging that the ordinance impermissibly allows the City to grant "permits in its 'sole and absolute discretion' without restriction or any objective standard to prevent discrimination against potential speakers or speech"). The same is true of plaintiffs' allegation that the impermissibly large number of exceptions to the ordinance—including the "CBS and CCO billboards, [the] hundreds of street banners hung at various times from City-owned street lights; . . . hundreds of onsite signs located throughout the city; and noncommercial signs"—"bear no relation to the City's claimed interests, work at cross-purposes to the Ban, and seriously undermine the City's asserted justification for it." Compl. ¶ 12; see Vanguard, 648 F.3d at 745 ("Plaintiff has not demonstrated that this handful of exceptions breaks the link between the offsite Sign Ban and the City's objectives in traffic safety and aesthetics.") (internal quotations and citation omitted); see also Metro Lights, 551 F.3d at 902, 907 (noting that the Supreme Court in Metromedia "rejected the argument that San Diego 'denigrates its interest in traffic safety and beauty and defeats its own case by permitting onsite advertising and other specified signs'") (quoting Metromedia, 453 U.S. at 510-11).

Furthermore, to the extent to which plaintiffs argue that their free speech claim brought pursuant to the California Constitution should survive because commercial speech receives a higher degree of protection under the California Constitution than under the United States Constitution, this argument was considered and expressly rejected in Vanguard. 648 F.3d at 739, 747-49 (rejecting plaintiff's argument that "the California Constitution's free speech clause does not tolerate a distinction between non-commercial and commercial speech that would allow the City to prohibit Plaintiff's signs"); see Compl. ¶ 9 ("Article I, Section 2 [of the California Constitution] is independent of the First Amendment of the United States Constitution and is more protective of free speech than the federal Constitution."). As in Vanguard, any suggestion or argument "that enhanced protection exists for commercial speech under the California Constitution is unpersuasive and [p]laintiff's California constitutional claim fails for the same reasons his First Amendment claims fail." Vanguard, 648 F.3d at 748.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-04374-CAS-MRW | Date | November 16, 2015 |
| Title | CALIFORNIA OUTDOOR EQUITY PARTNERS, LLC ET AL. v. CITY OF LOS ANGELES | | |

Accordingly, plaintiffs' first claim for violation of their free speech rights under the First Amendment of the United States Constitution and Article I, Section 2(a) of the California Constitution is **DISMISSED** without prejudice.

### B.     Equal Protection Claim

Plaintiffs' complaint also fails to state a claim under the Equal Protection Clauses of the United States and California Constitutions because plaintiffs' allegations, and the arguments offered in support thereof, were considered and rejected in Vanguard, 648 F.3d at 739, 743-46 (rejecting plaintiff's argument that "the City applies the supergraphic and offsite sign bans to improperly prohibit Plaintiff's signs, while allowing other signs, and that the City impermissibly distinguishes between offsite and onsite signs, all in violation of Plaintiff's Fourteenth Amendment equal protection rights").

Specifically, plaintiffs allege in their complaint that the City "has selectively granted CBS and CCO the right to operate offsite commercial billboards, while denying that right to Plaintiffs." Compl. ¶ 23. Plaintiffs further allege that the City "has also permitted other entities to operate offsite . . . commercial and noncommerical signs, while denying Plaintiffs' permit applications and requests for relocation agreements." Id. According to plaintiffs, this "intentional disparate treatment . . . is irrational and arbitrary," and further "does not serve any substantial or even legitimate governmental interest." Id. ¶ 25. As the Ninth Circuit explained in its review of a similar equal protection claim in Vanguard, "[b]ecause Plaintiff is not a member of a suspect class, its equal protection claim is subject to rational basis review unless its fundamental right of free speech is implicated." 648 F.3d at 743 (citing Rubin v. City of Santa Monica, 308 F.3d 1008, 1019 (9th Cir. 2002)).

With respect to their membership in a particular class, plaintiffs appear to be alleging that they have been discriminated against by the City relative to other similarly situated permit applicants. The Supreme Court has "recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges [1] that she has been *intentionally treated differently* from [2] others *similarly situated* and [3] that there is *no rational basis* for the difference in treatment." Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (emphasis added). The City correctly notes in its motion that plaintiffs' complaint fails even to allege that plaintiffs have been treated differently from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-04374-CAS-MRW | Date | November 16, 2015 |
|---|---|---|---|
| Title | CALIFORNIA OUTDOOR EQUITY PARTNERS, LLC ET AL. v. CITY OF LOS ANGELES | | |

others who have been similarly situated, and therefore fails to state an equal protection claim under the standard in Vill. of Willowbrook. As defendants explain,

> By their own admission, Plaintiffs have or seek to put up new billboards in direct violation of City law. (Compl. ¶ 13.) Plaintiffs, as would-be new billboard operators who do not own grandfathered pre-ban billboards, are not similarly situated to existing operators who do have a grandfathered pre-ban billboards (such as the two companies actually named in the complaint, CBS and Clear Channel). (Notably, Plaintiffs do not and cannot plead that any would be new, non-grandfathered billboard operator has received permits when Plaintiffs have not.)

Motion at 16. Moreover, the City has already articulated a rational basis for its ordinance and the many exceptions contained therein. See, e.g., World Wide Rush, 606 F.3d at 686 ("[T]he City submitted a convincing rationale—which is entirely consistent with its asserted governmental interest—for exempting some freeway facing signs from its Ban."). Accordingly, plaintiffs' equal protection claim is **DISMISSED** without prejudice.[3]

---

[3] In their opposition to the instant motion, plaintiffs cite two state court decisions that, according to plaintiffs, "specifically recognize[]" the "problem" with the ordinance's "many exceptions to favored speakers." Opp'n at 2 (citing Summit Media, LLC v. City of Los Angeles, 211 Cal. App. 4th 921 (Cal. Ct. App. 2012) and Lamar Cent. Outdoor, Inc. v. City of Los Angeles, No. BS 142238 (Cal. Super. Ct. Filed Nov. 7, 2014). The Court finds plaintiffs' reliance upon these cases to be misplaced. First, while the Court of Appeal in Summit Media found CCO's and CBS's digital conversion settlement agreement with the City to be illegal and void, the court expressly stated that exceptions to the City's ban were irrelevant to its decision. Summit Media, 211 Cal. App. 4th at 924 ("In April 2002, the city council amended the [LAMC] . . . to establish a permanent, general ban (*with exceptions not relevant to this case*) on new off-site signs throughout the city (the 2002 sign ban).") (emphasis added). Moreover, while plaintiffs reference a recent decision of the California Superior Court that purportedly finds the City's ban to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-04374-CAS-MRW | Date | November 16, 2015 |
| Title | CALIFORNIA OUTDOOR EQUITY PARTNERS, LLC ET AL. v. CITY OF LOS ANGELES | | |

## V.   CONCLUSION

In accordance with the foregoing, plaintiffs' complaint is **DISMISSED WITHOUT PREJUDICE**.

Plaintiff shall have until and including **Monday, December 14, 2015**, to file an amended complaint addressing the deficiencies identified herein.  Failure to do so may result in dismissal with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 03 |
|---|---|---|---|
| Initials of Preparer | | CL | |

---

be unconstitutional under Article I, Section 2(a) of the California Constitution, this decision is currently on appeal and, in any event, "California Superior Court decisions . . . are not citable authority." Bayer Corp. v. Roche Molecular Sys., Inc., 72 F. Supp. 2d 1111, 1118 (N.D. Cal. 1999).  Plaintiffs also request judicial notice of the City's Recommendation Report regarding the City Council's Planning and Land Use Management Committee's *proposed* ordinance to modify the billboard ban.  Opp'n at 4.  Of course, the effect or import of any such proposed modification is not ripe for consideration here because it is based upon "contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas v. United States, 523 U.S. 296, 300 (1998) (internal quotations and citation omitted); Bova v. City of Medford, 564 F.3d 1093, 1096 (9th Cir. 2009) ("[I]f the contingent events do not occur, the plaintiff likely will not have suffered an injury that is concrete and particularized enough to establish the first element of standing.").  Thus, the Court finds that judicial notice of the Recommendation Report is inappropriate at this time.  Davis v. United States, 569 F. Supp. 2d 91, 98 (D.D.C. 2008) (finding that pending legislation is irrelevant to the constitutionality of present legislation and therefore improper for judicial notice under Federal Rules of Evidence 401 and 402).